IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Criminal No. 5:11-CR-182-F-1
Civil No. 5:12-CV-432-F

| | | |
|---|---|---|
| ROLANDO REYES-GARCIA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court for initial review, pursuant to Rule 4, Rules Governing § 2255 Proceedings, to determine whether petitioner Rolando Reyes-Garcia's July 13, 2012, motion to vacate set aside or correct his sentence [DE-31/33][1] states a non-frivolous claim on its face. Reyes-Garcia pled guilty on August 1, 2011, to one count of Illegal Reentry of a Previously Deported Aggravated Felon, in violation of 8 U.S.C. §§ 1326 (a) and (b)(2). He was represented by court-appointed counsel until his privately-retained attorney entered an appearance on July 21, 2011. A Spanish-speaking interpreter assisted him both at his arraignment and at his sentencing hearing on November 9, 2011.

Reyes-Garcia filed no objections to the Presentence Report. The court calculated Reyes-Garcia's advisory USSG range to be 70-87 months, based on a total offense level of 21 and criminal history category of V. Noting the extensiveness of Reyes-Garcia's prior criminal record, the undersigned sentenced him to a term of 87 months imprisonment, together with other

---

[1] Reyes-Garcia's initial motion, [DE-31], filed July 13, 2012, was filed on the incorrect form. As directed by order of that same date, Reyes-Garcia filed a conforming § 2255 petition on July 23, 2012 [DE-33].

provisions, including a recommendation that he be deported upon completion of his term of imprisonment. Reyes-Garcia did not file an appeal. His conviction became final for purposes of the one-year statute of limitations applicable to § 2255 motions fourteen days after judgment was entered in his case. His motion, therefore, is timely, having been filed within one year of the date on which his conviction became final.

As grounds for relief, Reyes-Garcia alleges that he received ineffective assistance of counsel because,

> Petitioner claim [sic] actually innocent [sic] of offense of the prior that was used to enhance sentence. Petitioner was in the hospital when the prior act happened on Case FSB1000798 in 7/15/2010 in Central Superior Court San Bernadino, Ca. This case by someone else. Counsel new [sic] this and did nothing to change this, and clear this mistake up.

Petition [DE-33], p. 5. The second ground for relief is the same as the first, and the third ground is that the conviction and sentence constitute a "5th Amendment violation. Indictment does not contain any mens-rea for this conviction. To support a conviction under Title 8, 1326 (c)(2) [sic] (b)(2) an indictment must have a mens rea in it otherwise there's no charge against the United States of America charging a defendant with a crime." *Id.* p. 8. Finally, Reyes-Garcia alleges that his lawyer was ineffective for filing to file a notice of appeal.

The undersigned has carefully reviewed the record in this case, including the Indictment (and the underlying Criminal Complaint) and the sealed Presentence Report, but can locate no reference at all to any allegation that Reyes-Garcia committed an offense on July 15, 2010, in San Bernadino, CA, and no reference to a case number FSB 1000798. The "Allegation of Prior Conviction" contained in the Indictment states,

2

> For purposes of Title 8, United States Code, Section 1326(b)(2), the defendant, ROLANDO REYES-GARCIA, a/k/a "Jose Salvador Jaramillo" and a/k/a "Francisco Gomez," was excluded, deported and removed from the United States at Calexico, California, on or about February 16, 2001, and again at San Ysidro, California, on or about October 2, 2003, after having been convicted of Possession for Sale of a Controlled Substance, an aggravated felony, on or about January 25, 1996, in the Superior Court of the State of California, County of Orange.

Indictment [DE-14]. Reyes-Garcia simply is mistaken as to the offense for which he was charged and convicted as a deported aggravated felon who re-entered the United States illegally.

Nor is Reyes-Garcia entitled to relief for failure of the Indictment to allege "mens rea." The Fourth Circuit Court of Appeals has explained that, "[t]o obtain a conviction under § 1326, the Government must establish only that: (1) [the defendant] was an alien who was previously arrested and deported; (2) that he reentered the United States voluntarily; and (3) he failed to obtain the express permission of the Attorney General to do so." *United States v. Pineda-Tejada*, 462 Fed. App'x 381, 382 (4th Cir. Jan. 26, 2012), citing *United States v. Espinoza-Leon*, 873 F.2d 743 (4th Cir. 1989) (holding that the Government need only prove general intent; the Government need not show that the defendant acted with specific intent to reenter the United States unlawfully); *accord United States v. Garcia*, 288 Fed. App'x 888, 889 (4th Cir. Aug. 5, 2008). Information contained in Reyes-Garcia's Presentence Report reveals that he had been removed from the United States at least 11 times prior to the date of the Indictment herein.

For the foregoing reasons, the undersigned finds that "it plainly appears from the motion . . . that the moving party is not entitled to relief. Therefore, the undersigned must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), RULES GOVERNING § 2255

3

PROCEEDINGS. It hereby is ORDERED that this action is DISMISSED pursuant to Rule 4(b), and the Clerk of Court is DIRECTED to so notify Reyes Garcia.

**CERTIFICATE OF APPEALABILITY DENIED**

I, James C. Fox, United States District Judge for the Eastern District of North Carolina, having denied the application for relief pursuant to 28 U.S.C. § 2255 from which Rolando Reyes-Garcia may request an appeal, am of the opinion that Reyes-Garcia has failed to make a substantial showing of the denial of a constitutional right, and that no reasonable jurist would find this court's assessment of Reyes-Garcia's constitutional claims debatable.

Therefore, it further is ORDERED that a Certificate of Appealability is DENIED.

SO ORDERED.

This, the 24th day of July, 2012.

```
                                    _____
                                    JAMES C. FOX
                                    Senior United States District Judge
```