IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00182-F-1
No. 5:12-CV-00432-F

| | | |
|---|---|---|
| ROLANDO REYES-GARCIA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Rolando Reyes-Garcia's Motion to Re-Open [DE-39].

Although not crystal clear, Reyes-Garcia appears to argue that this court should reconsider its

July 24, 2012 Order [DE-34] dismissing his § 2255 motion, in light of the Supreme Court's

holdings in *Vartelas v. Holder*, 132 S.Ct. 1479 (2012), and *Descamps v. United States*, 133 S.Ct.

2276 (2013).

In *United States v. Winestock,* 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit held:

[A] motion directly attacking the prisoner's conviction or sentence will usually
amount to a successive application, while a motion seeking a remedy for some defect
in the collateral review process will generally be deemed a proper motion to
reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the
underlying criminal judgment will virtually always implicate the rules governing
successive applications. Similarly, new legal arguments or proffers of additional
evidence will usually signify that the prisoner is not seeking relief available under
Rule 60(b) but is instead continuing his collateral attack on his conviction or
sentence.

*Id.* at 207 (internal citation omitted). The court finds that the instant Motion to Re-Open is a

"successive" motion. The court further finds that Reyes-Garcia has not shown that he has

obtained permission from the Fourth Circuit Court of Appeals to file the motion. *See* 28 U.S.C.

§ 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a

panel of the appropriate court of appeals.").

In light of the foregoing, Reyes-Garcia's Motion to Re-Open [DE-39] is DISMISSED.

The court concludes that Reyes-Garcia has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This, the _____ day of August, 2014

James C. Fox
James C. Fox
Senior United States District Judge